ROBERT G. DREHER
Acting Assistant Attorney General

KEVIN W. McARDLE, Senior Attorney (D.C. Bar No. 454569)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tele: (202) 305-0219/Fax: (202) 305-0275
kevin.mcardle@usdoj.gov

AYAKO SATO, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tele: (202) 305-0239/Fax: (202) 305-0506
Ayako.Sato@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT, *et al.*, <br><br> Federal Defendants, <br><br> and <br><br> AMERICAN SAND ASSOCIATION, et al., <br><br> Defendant-Intervenors. | Case No. 3:03-cv-02509-SI <br><br> **STIPULATION AND ~~PROPOSED~~ ORDER REGARDING FURTHER PROCEEEDINGS** |

STIPULATION RE FURTHER PROCEEDINGS

- 1 -

U.S. Department of Justice
Environment & Natural Resources Division
Washington, D.C. 20044-7611
Case No. 3:03-cv-02509-SI

To establish an orderly schedule for accelerated further proceedings in this matter, and to avoid a dispute over preliminary injunctive relief, the parties, through undersigned counsel, and subject to the Court's approval, hereby state as follows pursuant to Civil L.R. 7-12:

WHEREAS, claims four through eight of Plaintiffs' Second Amended Complaint (ECF No. 147) challenged:  (1) the U.S. Fish and Wildlife Service's ("Service") January 25, 2005 Biological Opinion ("2005 BiOp") regarding the U.S. Bureau of Land Management's ("BLM") management of the Imperial Sand Dunes Recreation Area under the 2003 Recreation Area Management Plan ("RAMP"); (2) BLM's Environmental Impact Statement ("EIS") for the RAMP; (3) BLM's March 24, 2005 Record of Decision ("2005 ROD") approving the RAMP; and (4) the Service's August 4, 2004 final rule designating critical habitat for the Peirson's milk-vetch ("Critical Habitat Rule");

WHEREAS, the parties filed cross-motions for summary judgment on claims four through eight in Plaintiffs' Second Amended Complaint;

WHEREAS, on March 14, 2006, the Court issued an opinion and order granting in part and denying in part each party's motion for summary judgment (ECF No. 174), and finding that Federal Defendants "have failed to comply with federal environmental statutes in a number of important respects," ECF No. 174 at 3;

WHEREAS, the Court held that the Service's 2005 BiOp violated the Endangered Species Act by: "permit[ting] significant declines in the population of the already-threatened Peirson's milk-vetch before instituting any mitigating measures"; "fail[ing] to explain how continued and expanded habitat degradation of almost half of the designated critical habitat for the Peirson's milk-vetch does not result in 'adverse modification'"; and including an incidental take statement for the desert tortoise that "does not contain a meaningful standard by which incidental take can be measured" and "fail[ing] to include required 'terms and conditions' regarding how to minimize the potential for incidental take," ECF No. 174 at 3;

WHEREAS, the Court further held that the Service's decision to exclude certain areas from the Critical Habitat Rule was inadequately supported and contrary to the ESA, ECF No. 174 at 3;

STIPULATION RE FURTHER PROCEEDINGS

- 2 -

U.S. Department of Justice
Environment & Natural Resources Division
Washington, D.C. 20044-7611
Case No. 3:03-cv-02509-SI

WHEREAS, the Court also held that the EIS for the 2003 RAMP violated the National Environmental Policy Act by eliminating the interim closures that have been in place since November 2000 from the range of alternatives evaluated and by failing to take a hard look at the impact of the RAMP on endemic invertebrates, ECF No. 174 at 3-4;

WHEREAS, on September 26, 2006, the Court issued its Order and Injunction Regarding Final Relief (ECF No. 192) ("Remedy Order");

WHEREAS, in relevant part, the Remedy Order: vacated and remanded the 2005 ROD and EIS; vacated and remanded portions of the 2005 BiOp and incidental take statement (with conditions); remanded the 2003 RAMP; remanded the Service's exclusions from the Critical Habitat Rule (with conditions); and directed the Service to submit a new final critical habitat rule to the Federal Register for publication no later than February 1, 2008;

WHEREAS, paragraphs 5-7 of the Remedy Order provide, in relevant part, as follows:

> 5. Notwithstanding any contrary provision of the 2005 ROD, 2003 RAMP, or the FEIS, BLM shall maintain the vehicle closures as identified in the "Temporary Closure of Approximately 49,300[] Acres to Motorized Vehicle Use of Five Selected Areas in the ISDRA," 66 Fed. Reg. 53,431-02 (Oct. 22, 2001) ("Temporary Closure")…
>
> 6. All injunctive relief shall expire 90 days after [BLM]'s issuance of a new ROD approved after the completion of appropriate levels of land-use planning, environmental analysis, and consultation pursuant to NEPA, [the Federal Land Policy and Management Act], and the ESA…
>
> 7. BLM and [the Service] shall provide plaintiffs and defendant-intervenors with copies of relevant final documents and file a Notice with this Court indicating that the documents have been issued. Within 90 days of the filing of the Notice, plaintiffs and defendant-intervenors may file a response, if any, to the Notice explaining why the terms of this Order should continue…

WHEREAS, on February 14, 2008, the Service's new critical habitat designation for the Peirson's milk-vetch was published in the Federal Register, 73 Fed. Reg. 8748 (Feb. 14, 2008);

WHEREAS, the 2008 critical habitat designation was upheld in response to legal challenges brought by the Plaintiffs in this case and others, *see Maddalena v. U.S. Fish & Wildlife Serv.*, No. 3:08-cv-02292-H-AJB (S.D. Cal. Aug. 5, 2010);

STIPULATION RE FURTHER PROCEEDINGS

- 3 -

U.S. Department of Justice
Environment & Natural Resources Division
Washington, D.C. 20044-7611
Case No. 3:03-cv-02509-SI

1 WHEREAS, in June 2013, BLM issued a new ROD and RAMP for the ISDRA ("2013 ROD"), which was preceded by BLM's preparation of a new EIS pursuant to NEPA and the completion of consultation with the Service pursuant to ESA Section 7(a)(2), which resulted in the Service's issuance of a new Biological Opinion on November 2, 2012 ("2012 BiOp");

WHEREAS, on June 17, 2013, Federal Defendants filed a Notice of the issuance of the ROD and supporting documents, including the new EIS and 2012 BiOp, and provided copies of the documents to the Plaintiffs and Defendant-Intervenors pursuant to paragraph 7 of the Remedy Order;

WHEREAS, Plaintiffs have indicated that they intend to file a new pleading challenging the new ROD and supporting documents;

WHEREAS, Plaintiffs have also indicated that they intend to file a response to the Notice explaining why the terms of the Remedy Order should continue and, in addition or in the alternative, seek preliminary injunctive relief pending a ruling on the merits of their challenge to the June 2013 ROD and supporting documents;

WHEREAS, the parties subsequently entered into negotiations for a procedure whereby paragraph 5 of the Remedy Order would remain in effect while Plaintiffs' challenge to the June 2013 ROD and supporting documents is resolved on an expeditious basis, thereby avoiding the need for emergency proceedings and conserving the resources of the parties and the Court;

WHEREAS, BLM desires to obtain a resolution of Plaintiffs' challenge to the June 2013 ROD and supporting documents as soon as possible, and in advance of April 15, 2014, to allow sufficient time for implementation of the ROD and public education prior to the periods of high use of the ISDRA commencing in the fall of 2014;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. Plaintiffs shall file a new pleading challenging the June 2013 ROD and supporting documents on or before **September 16, 2013**.

2. Federal Defendants shall file the administrative records for the June 2013 ROD and the 2012 BiOp on or before **September 20, 2013**

3. Federal Defendants and Defendant-Intervenors shall file their answers or other responses to Plaintiffs' new pleading, if required under the Federal Rules of Civil Procedure, on or before **October 15, 2013**.

4. Plaintiffs shall file their motion for summary judgment on or before **October 18, 2013**. Plaintiffs' supporting memorandum of points and authorities shall not exceed 25 pages.

5. Federal Defendants shall file a combined cross-motion for summary judgment and opposition to Plaintiffs' motion, not to exceed 25 pages, on or before **November 15, 2013**.

6. Intervenor-Defendants shall file a combined cross-motion for summary judgment and opposition to Plaintiffs' motion, not to exceed 25 pages, on or before **November 15, 2013**.

7. Plaintiffs shall file a single combined opposition and reply to the summary judgment briefs described in paragraphs 5 and 6, not to exceed 20 pages, on or before **December 6, 2013**.

8. Federal Defendants shall file a reply brief, not to exceed 15 pages, on or before **December 20, 2013**.

9. Intervenor-Defendants shall file a reply brief, not to exceed 15 pages, on or before **December 20, 2013**.

10. Notwithstanding any contrary provision of the June 2013 ROD or supporting documents, paragraph 5 of the Remedy Order shall remain in effect until the Court issues a ruling on the parties' cross-motions for summary judgment or **April 15, 2014**, whichever occurs first. While Paragraph 5 of the Remedy Order remains in effect, BLM shall not be required to implement any provision of the June 2013 ROD or supporting documents. However, nothing in this Stipulation precludes BLM, in its sole discretion, from implementing any provision of the ROD or supporting documents that is not inconsistent with paragraph 5 of the Remedy Order.

11. Plaintiffs shall not pursue any preliminary or provisional injunctive relief involving the ISDRA or the claims contained in the new pleading prior to the Court's ruling on cross-motions for summary judgment or April 15, 2014, whichever occurs first.

STIPULATION RE FURTHER PROCEEDINGS

- 5 -

U.S. Department of Justice
Environment & Natural Resources Division
Washington, D.C. 20044-7611
Case No. 3:03-cv-02509-SI

12. The parties respectfully request that the Court issue a ruling on the parties' cross-motions for summary judgment as soon as possible after briefing is complete and in advance of April 15, 2014, if possible.

DATED:	August 2, 2013	Respectfully submitted,

| | |
|---|---|
| */s/ Brendan R. Cummings*<br>*(with permission by Kevin W. McArdle)*<br>Brendan R. Cummings<br>Center for Biological Diversity<br>P.O. Box 549<br>Joshua Tree, CA 92252<br>760-366-2232<br>Fax: 760-366-2669<br>bcummings@biologicaldiversity.org<br><br>*/s/ Lisa T. Belenky*<br>*(with permission by Kevin W. McArdle)*<br>Lisa T. Belenky<br>Center for Biological Diversity<br>351 California Street , Suite 600<br>San Francisco, CA 94104<br>415-436-9682 ext. 307<br>Fax: 415-436-9683<br>lbelenky@biologicaldiversity.org | ROBERT G. DREHER<br>Acting Assistant Attorney General<br><br>*/s/ Kevin W. McArdle*<br>KEVIN W. McARDLE, Trial Attorney<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Wildlife & Marine Resources Section<br>Benjamin Franklin Station, P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Tele: (202) 305-0219/Fax: (202) 305-0275<br>kevin.mcardle@usdoj.gov<br>Kevin.McArdle@usdoj.gov<br><br>*/s/ Ayako Sato*<br>AYAKO SATO, Trial Attorney<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Natural Resources Section<br>Ben Franklin Station, P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Tele: (202) 305-0239/Fax: (202) 305-0506<br>Ayako.Sato@usdoj.gov<br><br>Attorneys for Defendants<br><br>*/s/ Paul A. Turcke*<br>*(with permission by Kevin W. McArdle)*<br>Paul A. Turcke<br>Moore Smith Buxton & Turcke<br>950 West Bannock Street, Suite 520<br>Boise, ID 83702<br>208/331-1807<br>pat@msbtlaw.com<br><br>Attorney for Defendant-Intervenors Blue Ribbon Coalition, California Association of 4 Wheel Drive Clubs, San Diego Off Road Coalition, Desert Vipers Motorcycle Club, and |

STIPULATION RE FURTHER PROCEEDINGS

- 6 -

U.S. Department of Justice
Environment & Natural Resources Division
Washington, D.C. 20044-7611
Case No. 3:03-cv-02509-SI

High Desert Multiple Use Coalition

*/s/ David P. Hubbard*
*(with permission by Kevin W. McArdle)*
David P. Hubbard , Esq.
Gatzke Dillon & Ballance LLP
1525 Faraday Avenue, Suite 150
Carlsbad, CA 92008
(760) 431-9501
dhubbard@gdandb.com

Attorney for Defendant-Intervenors Off-Road Business Association, California Off-Road Vehicle Association, and American Sand Association

Pursuant to Stipulation, **IT IS SO ORDERED** this __5th__ day of _____August_____, 2013

_____
HON. SUSAN ILLSON
UNITED STATES DISTRICT JUDG

```
This matter has been scheduled for argument on Friday,
January 31, 2014, at 9:00 a.m.
```

STIPULATION RE FURTHER PROCEEDINGS

- 7 -

U.S. Department of Justice
Environment & Natural Resources Division
Washington, D.C. 20044-7611
Case No. 3:03-cv-02509-SI